```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
JOSEPH BASCOM AND ANN MARIE PETTIS,

       Plaintiffs,

           -v-                         03-CV-6160T

ROBERT J. DUBIN                   **DECISION AND ORDER**

       Defendant.
_____

## **INTRODUCTION**

Plaintiffs Joseph Bascom and Ann Marie Pettis ("plaintiffs"), acting *pro se*, filed this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") alleging that Robert J. Dubin ("defendant"), a lawyer and debt collector failed and refused to properly validate a debt. Defendant argues that plaintiffs were provided with verification of the debt and that he complied with all the requirements of 15 U.S.C. § 1692. Plaintiffs have moved for summary judgment arguing that there are no triable issues in dispute. Defendant has also moved for summary judgment claiming that there is no dispute that defendant's communications to the plaintiffs did not violate the FDCPA.[1]

---

[1] Defendant filed his summary judgment motion on June 2, 2006. Pursuant to ¶ 2 of the Final Scheduling Order issued by Magistrate Judge Feldman on February 28, 2006, dispositive motions "shall be filed no later than **May 1, 2006**." Defendant never requested for an extension of time to file his motion and has not provided this Court with any explanation for his untimely filing. Plaintiffs have also objected to the untimeliness of defendant's motion. Thus, defendant's motion for summary judgment will not be considered as a dispositive motion against the plaintiffs. However, in the interests of fairness I will take into account defendant's motion papers as his response to plaintiffs' motion for summary judgment but, I will not entertain his motion for summary judgment since he exceeded the time to file the motion by one month.

For the reasons set forth below, I deny the plaintiffs' motion for summary judgment.

**BACKGROUND**

On January 2, 2002, Robert J. Dubin, on behalf of Dubin, Sommerstein & Hunter, sent plaintiffs a collection letter stating that they owed $8,705.19 to their client MidFirst Bank. See January 2, 2002 Collection Letter, Ex. A of defendant's papers. On January 30, 2002, defendant's law firm received a letter from plaintiffs dated January 27, 2002 demanding that defendant stop its collection activities prior to validation of the purported debt pursuant to the FDCPA. On February 5, 2002, defendant's law firm forwarded a letter to plaintiffs together with copies of billing statements, which were generated prior to the charge off of the plaintiffs' account and an Affidavit of Claim and Certification of Amount Due from Stephanie Roland, Assistant Vice-President of U.S. Bank dated February 1, 2002 concerning the original debt and amount owed by plaintiffs. See February 5, 2002 Letter, Ex. A of plaintiff's motion. Defendant argues that the February 5th letter and its enclosures, complies with the verification of the debt requirements of 15 U.S.C. § 1692g(b).

Plaintiffs dispute defendant's claim and insist that the letter and enclosures from defendant are "conclusions and hearsay," that neither are sworn to nor certified by competent fact witnesses. See Plaintiff's Memo of Law at 1. Further, plaintiffs assert that validation of a debt requires "presentment of the

2

account and a general ledger statement signed and dated by the person responsible for maintaining the account and original contract." See id. Accordingly, plaintiffs argue that without proper validation of the debt by defendant, collection activity must cease and any legal proceedings must be deemed void.

## DISCUSSION

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering whether a genuine issue of fact exists for purposes of a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. See R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997). It is only if after considering the evidence in the light most favorable to the non-moving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Annis v. County of Westchester, 136 F.3d 239 (2d Cir. 1998).

### II. Section 1692g Violations

Section 1692g of the FDCPA requires a debt collector to send a consumer written notice ("validation notice") regarding the debt

within five days of the initial communication between the debt collector and the consumer. <u>See</u> 15 U.S.C. §1692g. The notice must contain statutorily specified information including the amount of the debt, the name of the creditor to whom the debt is owed and notice of the consumer's right to contest the validity of the debt within a thirty day period. <u>See</u> <u>id.</u> Beyond this specified information, the FDCPA does not require a collection notice to take any particular form. <u>See</u> <u>Riveria v. MAB Collections, Inc.</u>, 682 F.Supp. 174, 176 (W.D.N.Y. 1988).

Merely including the required validation notice alone does not satisfy the statute; rather the validating notice must be effectively conveyed to the debtor. <u>See</u> <u>Rabideau v. Management Adjustment Bureau</u>, 805 F.Supp. 1086, 1093 (W.D.N.Y.1992) (citing <u>Swanson v. S. Oregon Credit Serv., Inc.</u>, 869 F.2d 1222, 1225 (9th Cir.1988); <u>Riveria</u>, 682 F.Supp. at 177. The validation notice must be large enough to be easily read and sufficiently prominent to be noticed-even by the least sophisticated debtor. <u>See</u> <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 34 (2d Cir. 1996) (When determining whether § 1692g has been violated, an objective standard is applied, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector) (citing <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993).

Furthermore, to be effective the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication. <u>See</u> <u>Rabideau</u>, 805 F.Supp. at 1093. Indeed, courts have found that collection notices that contain

language contradicting the validation notice language violate § 1692g. See <u>Savino v. Computer Credit, Inc.</u>, 164 F.3d 81, 85 (2d Cir. 1998) (There is a violation of the FDCPA if the letter's communication is "reasonably susceptible to an inaccurate reading" of the required message.) (citation omitted). As a result, even if the collection letter contains the required information, there may still be a violation of the FDCPA if the information is conveyed in a confusing or contradictory manner so as to cloud the required communication with uncertainty. See <u>DeSantis v. Computer Credit, Inc.</u>, 269 F.3d 159 (2d Cir. 2001).

Here, it is undisputed that plaintiffs received the defendant's first collection letter dated January 2, 2002. It is also clear that plaintiffs understood its meaning since they requested verification of the debt in their letter dated January 27, 2002. Accordingly, the critical question before this Court is whether the defendant's February 5, 2002 letter to plaintiffs properly verified the debt pursuant to plaintiffs' request and the requirements of the FDCPA. See <u>DeSantis</u>, 269 F.3d at 159 ("The critical question is ... whether the required notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message").

Plaintiffs argue that defendant violated § 1692g of the FDCPA because defendant did not verify the debt properly since according to plaintiffs, validation of a debt requires "presentment of the

5

account and a general ledger statement signed and dated by the person responsible for maintaining the account and original contract." See id.  Verification of a debt requires only that the debt collector obtain a written statement that "the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." See Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1998); see also Stonehart v. Rosenthal, 2001 WL 910771 * at 6 (S.D.N.Y. 2001). Verification is only intended to "eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Id. (citations omitted).

    The letter defendant provided to plaintiffs dated February 5, 2002 including copies of billing statements, which were generated prior to the charge off of the plaintiffs' account and an Affidavit of Claim and Certification of Amount Due from Stephanie Roland dated February 1, 2002 concerning the original debt and amount owed by plaintiffs, were sufficient to verify the debt. The account statement consisted of a computer print out that sufficiently informed plaintiffs that the amount being demanded is what the defendant is claiming is owed and showed the dates on which charges were incurred. See Feb. 5, 2002 Letter; see also Chaudhry, 174 F.3d at 406. It is clear that defendant's response to the plaintiffs' request for verification meet the requirements of the FDCPA.

**CONCLUSION**

For the reasons set forth above, plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment is not considered on the merits and is denied as untimely since it was not timely filed pursuant to the Final Scheduling Order dated February 28, 2006.

ALL OF THE ABOVE IS SO ORDERED.

                                        s/Michael A. Telesca
                                        MICHAEL A. TELESCA
                             United States District Judge

Dated:   January 25, 2007
        Rochester, New York